IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

DANIEL S. POSEY,              )
                              )
    Plaintiff,              )
                              )
vs.                           )        Case No. 7:13-cv-01309-TMP
                              )
CAROLYN W. COLVIN,            )
Commissioner of Social Security, )
                              )
    Defendant.              )

**MEMORANDUM OPINION**

**I.   Introduction**

The plaintiff, Daniel S. Posey, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Mr. Posey timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Posey was thirty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a tenth-grade education.  (Tr. at 35-36,

124). His past work experience includes employment as a porter, ductwork installer, parts runner/deliverer, clean-up worker, and tack welder. (Tr. at 24). Mr. Posey claims that he became disabled on January 15, 2008, due to back problems and back pain following a workplace injury. (Tr. at 17, Doc. 13, p. 2).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. (*Id.*) If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. (*Id.*) The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P,

Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he will be found disabled without further consideration.  (*Id.*)  If they do not, a determination of the claimant's residual functional capacity will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Residual functional capacity ("RFC") is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite his or her impairments.  20 C.F.R. § 404.945(a)(1).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  (*Id.*)  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  (*Id.*)  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience, in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  (*Id.*)  The burden is on the Commissioner to demonstrate that other jobs exist which the claimant can perform; and, once that burden is met, the claimant must prove his or her inability

to perform those jobs in order to be found disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

Applying the sequential evaluation process, the ALJ found that Mr. Posey meets the nondisability requirements for a period of disability and DIB and was insured through June 30, 2013. (Tr. at 17). He further determined that Mr. Posey has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, the Plaintiff's bilateral pars defects of the lumbar spine at L3 and L5 with Grade I spondylolisthesis at L5-S1 with a pain component but no evidence of acute fracture, misalignment, disc herniation, spinal cord compression, nerve root compression or impingement; and mild disc desiccation at L4-5 of the lumbar spine with associated tiny posterior annual tear are considered "severe" based on the requirements set forth in the regulations. (*Id.*) The ALJ also found that the Plaintiff had the non-severe impairment of "chronic opiate pain medication usage without significant side effects." (Tr. at 18). However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ did not find Mr. Posey's allegations of pain to be totally credible, and he determined that he has the "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following

exceptions: he must avoid concentrated exposure to extreme cold, extreme heat, humidity, and wetness; he is precluded from working at unprotected heights or with hazardous machinery; he is precluded from climbing ladders, scaffolds, and ropes; and he is limited to occasional bilateral lower extremity pedal operations." (Tr. at 19, 22).

According to the ALJ, Mr. Posey is unable to perform any of his past relevant work, he is a "younger individual," and he has a "limited education," as those terms are defined by the regulations. (Tr. at 24). He determined that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (*Id*.) The ALJ found that Mr. Posey has the residual functional capacity to perform a significant range of light work. (*Id*.) Even though the Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rule 202.18 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as general office clerk, sales clerk in retail, and cleaning service worker. (Tr. at 25). The ALJ took judicial notice of sedentary work that the vocational expert ("VE") stated the Plaintiff could do, such as surveillance service monitor, home care aide/sitter, and switchboard

operator. (*Id.*) The ALJ concluded his findings by stating that the Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 15, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g))." (Tr. at 25-26).

## II. Standard of Review

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. (*Id.*) "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177,

1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Federal Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this court finds that the evidence preponderates against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The court must keep in mind that opinions such as whether a claimant is disabled, the nature and extent of a claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. §§ 404.1527(e), 416.927(d).  Whether the plaintiff meets the listing and is qualified for Social Security disability benefits is a question reserved for the ALJ, and the court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v.*

*Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Thus, even if the court were to disagree with the ALJ about the significance of certain facts, the court has no power to reverse that finding as long as there is substantial evidence in the record supporting it.

### III. Discussion

Mr. Posey alleges that the ALJ's decision should be reversed and remanded because it was not based on substantial evidence. The Plaintiff argues that the ALJ failed to properly credit the opinion of Mr. Posey's treating physician and that the ALJ gave too much credit to an RFC assessment done by a state-agency non-medical source and the review of a non-examining physician. (Doc. 11, p. 8, 10). The Plaintiff further contends that, by relying on the state-agent RFC assessment, the ALJ failed to properly consider medical evidence occurring after the assessment. Therefore, he reasons, the ALJ's opinion is not based on substantial evidence.

#### A. Treating Physician's Diagnoses

The Plaintiff contends that the ALJ improperly evaluated a pain assessment questionnaire completed by his treating physician, Dr. Fred Graham. (Doc. 11 at 8). A treating physician's testimony is entitled to "substantial or considerable weight

unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). "Good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The court must be aware that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on

issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.,* 20 C.F.R. § 404.1546(c).

In the pain assessment questionnaire Dr. Graham filled out for the Plaintiff on August 16, 2011, he stated that the Plaintiff's pain was "present to such as [sic] extent as to be distracting to adequate performance of daily activities or work," and that the Plaintiff's pain was increased by physical activity "to such a degree to distract from tasks or [to result in] total abandonment of [a] task." (Tr. at 374). However, Dr. Graham stated on May 13, 2010, that Mr. Posey had "wonderful" responses to past epidural injections and, accordingly, should have medical coverage for more injections. (Tr. at 370). In his office visit notes from February 9, 2012, Dr. Graham noted that Mr. Posey's last epidural injection helped with his pain and that the patient would like another injection. (Tr. at 378). He also noted

that Mr. Posey's medications were controlling his pain and that Mr. Posey's pain does not affect his ability to perform normal activities of daily life. (*Id.*) Despite these positive treatment notes, it appears that Dr. Graham continued on the course of action he determined on September 15, 2009, when he wrote in his treatment notes that he would "help [Mr. Posey] with disability." (Tr. at 271).

The ALJ correctly rejected the August 2011 pain report since it is inconsistent with Dr. Graham's own treatment notes, and Dr. Graham has not provided any justification for his inconsistent statements on the pain assessment. *See, e.g., Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("[T]he ALJ did not err in declining to refer to [the treating physician's] opinion because [the treating physician] originally opined that claimant could perform sedentary work and did not provide any objective medical evidence to support his change of heart."); *see also Villarreal v. Secretary of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987) (holding that the ALJ reasonably relied on the plaintiff's "conservative treatment" in assessing credibility). Dr. Graham's pain assessment is simply unsupported by the rest of the evidence in the record. For these reasons, the court is of the opinion that the ALJ had good cause to disregard Dr. Graham's August 2011 pain report. *See Crawford*, 363 F.3d at 1159-60; *Phillips*, 357 F.3d at 1240-41.

The Plaintiff further argues that the ALJ improperly relied on "a state agency non-examining reviewing physician," and "a state agency non-examining non-medical source" rather than the opinion of the Plaintiff's treating physician, Dr. Graham. The Plaintiff refers to the RFC determination by Dr. Whitman on August 25, 2010, and the RFC Assessment by state-agency single decision-maker L.B. Morgan ("Morgan") on August 26, 2010. (Tr. at 349-357). The Plaintiff argues that Dr. Whitman's determination was improperly considered by the ALJ over the Plaintiff's treating Physician's pain report and that Morgan's RFC Assessment was given improper weight despite the fact that Morgan is not a medical professional.

First, the Plaintiff is incorrect in claiming that the ALJ disregarded the findings of the Plaintiff's treating physician, Dr. Graham. The ALJ only chose to disregard one portion of Dr. Graham's findings due to its inconsistency with Dr. Graham's other treatment notes.

> The undersigned gives great weight to the clinical and diagnostic findings of the claimant's treating physicians, including Dr. Graham. However, the undersigned rejects Dr. Graham's opinion as to the limiting effects of the claimant's alleged pain, fatigue, and weakness. The undersigned recognizes that Dr. Graham opined that the claimant's pain is present to such an extent as to be distracting to adequate performance of daily activities or work and that physical activity would greatly increase the pain to such a degree as to distract from tasks or to cause total abandonment of tasks (Exhibit 10F). . . .

> The undersigned finds based upon a careful and thorough review of the record as a whole that Dr. Graham's opinion is entitled to no weight.
>
> Dr. Graham's conclusions are totally inconsistent with his own charted clinical record, discussed at length above. His conclusions also are totally inconsistent with the well documented history of diagnostic and radiological findings indicating pre-existing lumbar pars defects and mild disc desiccation with tiny posterior annular tear, with no evidence of acute fracture, misalignment, disc herniation, spinal cord compression, or nerve root compression or impingement. Dr. Graham cites to no diagnosis, clinical findings, objective diagnostic or radiological findings, or correlating functional deficits to support his broad conclusions of disabling pain, fatigue, and weakness. . . .

(Tr. at 23). Accordingly, the Plaintiff's argument that the ALJ blatantly ignored the Plaintiff's treating physician for the opinion of Dr. Whitman simply is without merit.

The Plaintiff also argues that the ALJ improperly credits Morgan's findings as a medical source opinion. This argument also is without merit. The ALJ clearly indicates that Morgan is not a medical source and that his or her findings are not to be given the weight of a medical opinion.

> The record includes an August 2010 Physical Residual Function Capacity Assessment by a State agency single decision-maker (Exhibit 8F). Although the single decision-maker is not a medical professional, and SSR 96-6p does not apply, the undersigned notes that the opinion is consistent with the above residual functional capacity assessment – light exertional level with the same postural and environmental restrictions.

(Tr. at 23).

For the reasons set forth above, the Plaintiff's argument that Dr. Graham's opinion was not given sufficient weight and Dr. Whitman and L.B. Morgan's opinions were given too much weight are without merit. The ALJ's RFC determination was based on substantial evidence and is due to be affirmed.

**B. Failure to Consider Evidence after August 26, 2010**

Finally, the Plaintiff argues that the ALJ's use of the state agency single decision-maker RFC assessment as the "basis" for his disability determination signals that the ALJ did not take into account any evidence dated after August 26, 2010, the date of the single decision-maker determination.[1] This assertion is clearly inaccurate. The ALJ specifically mentions in his determination evidence dated after August 2010 and DR. Graham's treatment notes from 2012. The ALJ discusses the Plaintiff's "most recent diagnostic tests," "MRIs of the lumbar and thoracic spine from December 2011." (Tr. at 22). He also discusses the Plaintiff's "March 9, 2011 [Functional Capacities Evaluation]." (*Id.*)

Although the ALJ doesn't specifically reference other individual pieces of evidence dated after August 2010, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district

---

[1] As discussed, *supra*, the ALJ's discussion of Morgan's RFC assessment goes no further than to note that it is consistent with the ALJ's own RFC determination.

court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal citations omitted). A review of the ALJ's RFC determination persuades the court that the ALJ did consider Mr. Posey's medical condition as a whole. The ALJ's consideration of the evidence was not an arbitrary and broad dismissal. After considering the entire record, the ALJ determined that Mr. Posey has the residual functioning capacity to perform light work with several exceptions. The fact that the ALJ did not specifically refer to every piece of evidence dated after August 2010 does not indicate that his determination was not supported by substantial evidence.

Furthermore, much of the evidence dated after August 2010, despite what the Plaintiff seems to contend, actually bolsters the ALJ's determination. For example, on September 1, 2010, Mr. Posey reported to Dr. Graham that the medication was helping with his pain and that he wanted another epidural shot because the last on helped a great deal. (Tr. at 414). Mr. Posey reported again on October 20, 2011, that epidural shots and medication were helping with his pain and that he would like to continue that course of treatment. (Tr. at 386). In his office notes from February 9, 2012, Dr. Graham notes that although Mr. Posey indicated that his pain has increased, he also stated that his last epidural shot

helped with his pain for two to three months and that his pain does not affect his ability to perform normal activities of daily life.  (Tr. at 378).

The Plaintiff's argument that the ALJ failed to consider the evidence on the record dated beyond August 2010 is without merit, and the ALJ's determination is due to be upheld.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. Posey's arguments, the court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered affirming the Commissioner's denial of benefits and dismissing this action with prejudice.

DONE this 29th day of September, 2014.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE